(C. D. 240)

L. Oppleman, Inc. v. United States

United States Customs Court, Second Division

(Decided October 31, 1939)

*Tompkins & Tompkins* (*Allerton deC. Tompkins* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Webster J. Oliver* and *Richard H. Welsh,* special attorneys, and *Joseph A. Howard, Jr.,* Junior attorney), for the defendant.

Before Tilson, Kincheloe, and Dallinger, Judges

Dallinger, Judge: These are suits against the United States, arising at the port of New York, brought to recover certain customs duties alleged to have been improperly exacted on particular importations of marine compasses. Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It is claimed that said articles are properly dutiable at but 30 per centum ad valorem under paragraph 370 of said act as parts of motorboats. The latter paragraph reads as follows:

Par. 370. Airplanes, hydroplanes, motor boats, and parts of the foregoing, 30 per centum ad valorem. The term "motor boat," when used in this Act, includes a yacht or pleasure boat, regardless of length or tonnage, whether sail, steam, or motor propelled, owned by a resident of the United States or brought into the United States for sale or charter to a resident thereof, whether or not such yacht or boat is brought into the United States under its own power, but does not include a yacht or boat used or intended to be used in trade or commerce, nor a yacht or boat built, or for the building of which a contract was entered into, prior to December 1, 1927.

These cases were originally decided on March 27, 1939, in *L. Oppleman, Inc.* v. *United States,* C. D. 136, and are again before us as a result of a rehearing granted the Government.

At the time of rendering our previous decision our attention had not been directed to the then unpublished decision in the recent case of *United States* v. *E. Leitz, Inc.*, appeal 4193, 26 C. C. P. A. 418, C. A. D. 49, in which the United States Court of Customs and Patent Appeals held that certain range finders specially designed and constructed for use with cameras were not parts of cameras within the meaning of paragraph 1551 of the Tariff Act of 1930. In that case the appellate court said:

> Appellee's witnesses testified that the range finder is essential to the proper functioning of the camera; that for certain purposes, such as photomicrographic or copying work, the camera, Illustrative Exhibit A, can be used without the range finder, but that, for ordinary use, said range finder must be used in order to secure a sharp picture.
>
> That the range finder involved is a very great convenience for the user of the camera for which it was designed we have no doubt, but we are clear that it is not essential to the proper functioning of the camera. In fact, the detachable range finder here involved has nothing whatever to do with the functioning of the camera. It is merely an aid to the operator, enabling him to set the lens more accurately than he could do if he relied merely on his judgment of the distance of a given object from the camera. * * *
>
> *   *   *   *   *   *   *
>
> In the case of *United States* v. *Willoughby Camera Stores, Inc.*, 21 C. C. P. A. (Customs) 322, T. D. 46851, there was involved the dutiable classification of certain tripods, claimed to be parts of cameras. In holding that such tripods were not parts of cameras, we said:
>
>> It is a well-established rule that a "part" of an article is something necessary to the completion of that article. It is an integral, constituent, or component part, without which the article to which it is to be joined could not *function as such article.* * * * [Italics quoted.]
>>
>> The mere fact that two articles are designed and constructed to be used together, does not necessarily make either a part of the other. * * *
>>
>> *   *   *   *   *   *   *
>
> We are of opinion, therefore, that, although it may be necessary to use *tripods* as *supports* for the involved *cameras,* tripods are not, for that reason, integral, constituent, or component parts of such cameras. The most that can be said is that the two articles—a tripod and a camera—are designed to be used together, one as a support for the other, and that they are chiefly so used.
>
> So in the case at bar, when the range finder here involved and the camera for which it is designed are used together, each "performs its separate function without loss of any of its essential characteristics," and "whether separate or joined, each is complete in itself, each is a distinct and separate commercial entity."
>
> The evidence here shows that it is optional with the purchaser to buy the camera with or without the range finder, and appellee's catalog shows that the range finder is offered for sale separately from the camera.

If, as was held in the last-cited case, range finders were not parts of cameras, then *a fortiori* the instant compasses are certainly not parts of motorboats. There, the cameras were specially constructed and designed for the insertion therein of the range finders. Here, there is no proof that any motorboat was specially constructed and designed

for the installation of a marine compass. On the contrary, it appears that, where the compass is purchased by a motorboat owner, it must be installed by an expert since there is no particular place on the boat to receive it.

Again, in the cited case it was established that in 99 per centum of camera uses range finders were essential, whereas in the instant case the evidence is uncontradicted that the great majority of motorboats are not equipped with compasses.

In this connection the appellate court said:

> With respect to the foregoing statement regarding the weight of the evidence as to 99 per centum of the uses of the camera, Illustrative Exhibit A, we would observe that, even had it been testified that in 100 per centum of the uses the employment of the range finder was essential, that testimony would not establish that the range finder was a part of the camera.

Again, in the cited case the evidence disclosed that it was optional with the purchaser to buy a camera with or without the range finder, and that the range finder was offered for sale separately from the camera. Similarly in the present case it is optional with the purchaser to buy a motorboat with or without a compass, and the plaintiff's catalog shows that the compasses are not only sold separately but that they are sold separately in conjunction with other accessories.

Following the decision of the appellate court in *United States* v. *E. Leitz, Inc.*, *supra*, and considering that decision in connection with the fact that the United States Department of Commerce does not include a compass as part of the required equipment of a motorboat, we hold as a matter of law that the instant compasses are not parts of motorboats within the meaning of paragraph 370 of the Tariff Act of 1930, but are properly dutiable at the rate of 45 per centum ad valorem under paragraph 397 of said act as manufactures of metal not specially provided for, as classified by the collector. All claims of the plaintiff are therefore overruled and judgment will be rendered accordingly.